# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MATTHEW RAY FREEMAN,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 5:17-cv-02279-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WESTMORE TO DISMISS CASE WITHOUT PREJUDICE**<br><br>[Re: ECF 19] |

On July 19, 2018, Magistrate Judge Kandis A. Westmore in her Report and Recommendation ("R&R") determined that the case should be dismissed without prejudice for Plaintiff Matthew Ray Freeman's ("Plaintiff") failure to prosecute. *See* ECF 19. Plaintiff did not file any objections.

When a party does not object to an R&R, the Court reviews it for clear error or manifest injustice. *See* Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 72, Advisory Committee Notes (1983). After conducting an appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court has reviewed and thoroughly considered Magistrate Judge Westmore's R&R.

Federal courts have the "inherent power" to dismiss cases sua sponte for lack of prosecution. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). When considering whether to dismiss a case for lack of prosecution, the court must weigh five factors: (1) "the court's need to manage its docket," (2) "the public interest in expeditious resolution of litigation," (3) "the risk of prejudice to the defendants," (4) "the policy favoring disposition of cases on their merits," and (5) "the availability of less drastic sanctions." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). In *Ash*, the Ninth Circuit affirmed the district court's dismissal without prejudice for failure to

prosecute where the plaintiff had failed to act for a mere six weeks. *Id.* at 496. The Ninth Circuit emphasized both that dismissal without prejudice would give "the plaintiff the opportunity to return and prosecute his claims another day" and that the district court had "notified [the plaintiff] of the impending dismissal and given an opportunity" to explain the delay, to which plaintiff had failed to respond. *Id.* at 496–97. *Accord Rochester v. Rowe*, 471 F. Appx. 642 (9th Cir. 2012).

Here, as in *Ash*, the five factors weigh in favor of dismissing this case without prejudice for Plaintiff's failure to prosecute. Plaintiff has yet to file a motion for summary judgment or motion to remand, though his original deadline to do so was January 11, 2018—almost seven months ago. *See* ECF 19. Moreover, Magistrate Judge Westmore provided Plaintiff sufficient notice of the possibility of dismissal, mentioning this potential outcome in both of her subsequent orders to show cause. *See* ECF 17; ECF 18. To date, Plaintiff has provided no justification for these delays. Finally, this dismissal is without prejudice, thus minimizing the chance that Plaintiff will be unable to prosecute his claims.

Finding the R&R correct, well-reasoned, and thorough, the Court adopts it in every respect. 28 U.S.C. § 636(b). Accordingly, the case is DISMISSED without prejudice for Plaintiff's failure to prosecute.

**IT IS SO ORDERED.**

Dated: August 9, 2018

BETH LABSON FREEMAN
United States District Judge

2